**SCHLACTER & ASSOCIATES**
*Attorneys for Plaintiff*
**450 Seventh Avenue, Suite 1308**
**New York, New York 10123**
**(212) 695-2000**
**By: JED R. SCHLACTER (JRS-4874)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

**BHAVIKA APPARELS PVT. LTD.,**

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **Case No.** |
| **-against-** | | **COMPLAINT** |
| **LOUISE PARIS, LTD.,** | | |
| | **Defendant.** | |

-------------------------------------------------------------------------X

The Plaintiff, by its attorneys, Schlacter & Associates, as and for its Complaint against

Defendant, alleges as follows:

### JURISDICTION AND VENUE

1.      This action, as more fully stated below, is for breach of contract, account stated,

quantum meruit, and unjust enrichment.

2.      This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1332(a)

and (c)(1), because it raises a controversy between a citizen of this state and a citizen of a foreign

state, and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3.      Venue is proper in this district under 28 U.S.C. Section 1391(b).  Process properly

issues from this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## THE PARTIES

4.      Plaintiff, Bhavika Apparels Pvt. Ltd. (hereinafter referred to as "Plaintiff" or "Bhavika"), is a foreign corporation, with its principal office at Unit 1, B-140 Sector–63, Noida 201301 Uttar Pradesh, India.  Plaintiff is in the business, *inter alia*, of selling finished garments to companies that then sell the finished garments to retail stores.  Plaintiff sold and delivered the finished garments involved herein to the Defendant herein.

5.      Upon information and belief, Defendant, Louise Paris, Ltd. (hereinafter referred to "Defendant" or "Louise Paris"), is a New York corporation with its principal place of business at 1407 Broadway, Suite 1405, New York, NY 10018.  Upon information and belief, Defendant is in the business of buying finished garments, and then selling said garments to retail stores in New York City, New York State, and in the entire United States.  Defendant purchased the finished garments involved herein from Plaintiff.

6.      Isaac Mochon is the Chief Financial Officer of Defendant.

7.      Solomon Barnathan (a/k/a "Salomon") is the Chief Executive Officer of Defendant.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT: GOODS SOLD AND DELIVERED

8.      Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 7 above as if fully repeated herein.

9.      In and around the period of 2021 into 2022, at the specific instance and request of Defendant, Plaintiff had various finished garments specially manufactured pursuant to Defendant's request, and sold and delivered said finished garments to Defendant (hereinafter referred to as the

"Merchandise"), at the agreed price and reasonable value of $806,090.65. Payment terms for said Merchandise were "DP at sight."

10.     Each separate order for the Merchandise was specially manufactured for Defendant, and each order was delivered, invoiced to Defendant and accepted by Defendant, without complaint or objection.

11.     Upon information and belief, Defendant has sold the Merchandise that it received from Plaintiff.

12.     As of July 7, 2022, Defendant had paid the sum of $459,019.45 to Plaintiff for part of the Merchandise, in payment of Invoice Nos. ES/156/2021-22; ES/175/2021-22; ES/190/2021-22; ES/195/2021-22; ES/207/2021-22; ES/223/2021-22; and ES/52/2022-23.

13.     On or about July 21, 2022 Defendant paid the sum of $77,467.20 to Plaintiff for part of the Merchandise, in payment of Invoice Nos. ES/13/2022-23; ES/15/2022-23 and ES/18/2022-23.

14.     As of July 22, 2022, Defendant owed to Plaintiff the sum of $269,315.40 for the balance of the Merchandise that Plaintiff had delivered to Defendant.

15.     On or about July 22, 2022, Defendant requested additional time from Plaintiff to pay the agreed balance of monies due and owing as of that time – $269,315.40.

16.     The list of the balance of the Merchandise purchased and received by Defendant without objection, and unpaid as of July 22, 2022, is as follows:

| Invoice No. | Inv. Date | Description | Invoice Amount |
|---|---|---|---|
| ES/31/2022-23 | 4/16/22 | Ladies' Apparel | $42,675.60 |
| ES/33/2022-23 | 4/20/22 | Ladies' Apparel | $ 9,540.00 |
| ES/35/2022-23 | 4/21/22 | Ladies' Apparel | $20,120.40 |
| ES/49/2022-23 | 5/4/22 | Ladies' Apparel | $56,418.00 |
| ES/67/2022-23 | 5/27/22 | Ladies' Apparel | $61,042.80 |
| ES/71/2022-23 | 6/1/22 | Ladies' Apparel | $48,785.40 |
| ES/87/2022-23 | 6/25/22 | Ladies' Apparel | $30,733.20 |
| | | | ========== |
| | | **TOTAL:** | **$269,315.40** |

17.    In return for extending the time for Defendant to pay the balance due of $269,315.40, on or about July 22, 2022, Defendant issued to Plaintiff the following four **post-dated checks**, signed by Solomon Barnathan, covering the still outstanding invoices:

| Check Date | Check No. | Amount | Inv. No. to be Paid |
|---|---|---|---|
| 8/15/22 | 50740 | 62,796.00 | ES/31/2022-23 – $42,675.60<br>ES/35/2022-23 – $20,120.40 |
| 9/1/22 | 50741 | 65,958.00 | ES/33/2022-23 – $ 9,540.00<br>ES/49/2022-23 – $56,418.00 |
| 9/15/22 | 50742 | 61,042.80 | ES/67/2022-23 – $61,042.80 |
| 9/30/22 | 50743 | 79,518.60 | ES/71/2022-23 – $48,785.40<br>ES/87/2022-23 – $30,733.20 |
| | | ==========<br>$**269,315.40** | |

18.    On or about August 29, 2022, Defendant issued payment to Plaintiff for Inv. No. ES/87/2022-23 in the sum of $30,733.20, thereby reducing the balance due to $238,582.20.

19.     However, when the time came for deposit of the post-dated checks, each of said checks were bounced by Defendant, and none have been paid to this date.  Annexed hereto as *Exhibit 1* are copies of the checks with the bank's notification of their failure to clear.

20.     Through June 1, 2023, Defendant had owed Plaintiff the sum of $238,582.20.

21.     Throughout the latter part of 2022 and through 2023, Plaintiff has made repeated demands to Defendant to pay the balance owed.

22.     At no time has Defendant ever claimed that it did not owe the monies due to Plaintiff.

23.     At no time has Defendant made any objection to, or complaint about, the Merchandise delivered by Plaintiff to Defendant.

24.     Defendant received and accepted all of the Merchandise delivered by Plaintiff to Defendant.

25.     Plaintiff has performed all of its obligations involved in this matter.

**Defendant Acknowledges Monies Due**

26.     Defendant sent the following emails to Plaintiff:

     a.     **By email dated October 26, 2022**, Isaac Mochon wrote to Plaintiff:

        "Deepak, I am sorry for not being able to connect, we have been in and out of meetings.  We are working on getting your payments executed we need some time as business has not picked up yet.  No worries you will be paid in full."

b. **By email dated October 27, 2022**, Isaac Mochon wrote to Plaintiff:

"Deepak, I am very sorry for the slow response. We have been extremely busy. As you are aware business has been very slow. As soon as we have the availability we will get you paid. No worries you will be paid in full. We are asking for a bit more time. Please."

c. **By email dated February 27, 2023**, Isaac Mochon wrote to Plaintiff:

"Deepak, We are in process of transitioning to a new bank, we cannot take the same call every day. As soon as this is completed, you will get paid in full."

d. **By email dated March 29, 2023**, Plaintiff wrote to Defendant:

"Dear Isaac, We are still waiting for our outstanding payment. U know its been a year now and still we are chasing u for our payment. Please make my payment today and share us the TT copy."

e. **By email dated March 29, 2023**, Isaac Mochon responded to Plaintiff:

"Deepak – A per conversation with Sandeep we are working on getting you paid in full. We are aware of the long delay and truly apologize for it…"

27. On or about April 5, 2023, Defendant issued payment to Plaintiff in the sum of $30,000.00, representing payment of Invoice Nos. ES/33/2022-23 and ES/35/2022-23 plus $339.60, and thereby reducing the sum due to Plaintiff to $208,582.20, based upon the following invoices issued to, and received by, Defendant, and retained without objection:

| Invoice No. | Inv. Date | Description | Invoice Amount |
|---|---|---|---|
| ES/31/2022-23 | 4/16/22 | Ladies' Apparel | $42,675.60 |
| ES/49/2022-23 | 5/4/22 | Ladies' Apparel | $56,418.00 |
| ES/67/2022-23 | 5/27/22 | Ladies' Apparel | $61,042.80 |
| ES/71/2022-23 | 6/1/22 | Ladies' Apparel | $48,785.40 |
| | | | ========== |
| | | **TOTAL:** | **$208,921.80** |
| | | **Less credit of:** | **(339.60)** |
| | | **TOTAL DUE:** | **$208,582.20** |

28.     Plaintiff continued to request and demand that Defendant pay the remaining balance due to Plaintiff in the sum of $208,582.20.

29.     Thereafter, Defendant sent the following emails to Plaintiff:

a.     **By email dated June 9, 2023**, Isaac Mochon wrote to Plaintiff: "We understand you need money and you will be paid in full. Please be patient."

b.     **By email dated June 9, 2023**, Isaac Mochon wrote to Plaintiff: "Deepak, I will let you know when payment is ready."

c.     **By email dated June 15, 2023**, Plaintiff wrote to Defendant: "Isaac pls cfm u are paying today."

d.     **By email dated June 15, 2023**, Isaac Mochon responded to Plaintiff: "Very sorry not today – you are on priority list"

e.     **By email dated June 16, 2023**, Isaac Mochon wrote to Plaintiff: "Deepak, You are on the priority list to get paid. Please be patient."

f.     **By email dated June 20, 2023**, Solomon Barnathan wrote to Plaintiff: "I think you should go to court because your not getting one penny."

30.     As a result of Defendant's refusal to pay Plaintiff the outstanding balance due and owing of $208,582.20, Defendant has breached its agreement with Plaintiff.

31.     As a consequence thereof, Plaintiff has sustained damages in the minimum sum of $208,582.20.

**SECOND CAUSE OF ACTION**
**ACCOUNT STATED**

32.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 31 above as if fully repeated herein.

33.     In and around the period of April, May and June 2022, Plaintiff delivered to the Defendant invoices totaling $208,921.80 for goods sold, delivered and accepted.  Copies of said invoices are annexed hereto as *Exhibit 2*.

34.     The invoices were received and retained by Defendant without objection.

35.     In fact, as evidenced by the emails set forth in paragraphs 26 and 29 herein, Defendant acknowledged the validity of the invoices, and of the monies due, and repeatedly assured Plaintiff that all outstanding monies would be paid in full.

36.     As a consequence thereof, an account was stated between Plaintiff and Defendant in the sum of $208,921.80, no part of which has been paid to date except for the sum of $339.60.

37.     As a consequence thereof, the sum of $208,582.20 is due and owing on the account, and Plaintiff has sustained damages in the minimum sum of $208,582.20.

**THIRD CAUSE OF ACTION**
**QUANTUM MERUIT**

38.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 37 above as if fully repeated herein.

39.     Plaintiff supplied Defendant with the Merchandise that remains unpaid, in the reasonable value of $208,582.20, which sum remains unpaid.

40.     Defendant accepted the Merchandise totaling $208,582.20.

41.     Defendant has failed and refused to pay for the reasonable value of the Merchandise totaling $208,582.20, although said sum has been duly demanded.

42.     As a consequence of the above, Plaintiff has sustained damages in the minimum sum of $208,582.20.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

43.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 above as if fully repeated herein.

44.     By virtue of Defendant's receipt, acceptance and/or use of the unpaid Merchandise totaling $208,582.20, Defendant has been unjustly enriched, in that it has received the benefits of Plaintiff's work and services, and yet Defendant is not compensating Plaintiff for such benefits received.

45.     Under principles of good conscience and equity, Defendant is liable to Plaintiff for the full amount of $208,582.20.

46.     As a consequence of Defendant's unjust enrichment, Plaintiff has sustained and seeks damages in a sum to be determined at trial, but believed to be in the minimum sum of $208,582.20.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant as follows:

a.      On the First Cause of Action, a sum to be determined at trial, but believed to be the minimum sum of $208,582.20;

b.      On the Second Cause of Action, a sum to be determined at trial, but believed to be the minimum sum of $208,582.20;

c. On the Third Cause of Action, a sum to be determined at trial, but believed to be the minimum sum of $208,582.20;

d. On the Fourth Cause of Action, a sum to be determined at trial, but believed to be the minimum sum of $208,582.20;

e. Plus, interest at the rate of nine (9%) percent from June 1, 2022, costs, and disbursements, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 17, 2023

**SCHLACTER & ASSOCIATES**
*Attorneys for Plaintiff*

By: *Jed R. Schlacter*
      JED R. SCHLACTER
450 Seventh Avenue, Suite 1308
New York, New York 10123
212-695-2000
jed@schlacterassociates.com