UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

BHAVIKA APPARELS PVT. LTD.,

                                                                                                    23 Civ. 6177 (JSR)

                Plaintiff,

     -against-

LOUISE PARIS, LTD.,

                Defendant.
----------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

                                                **Respectfully submitted.**

                                                **Schlacter & Associates**
                                                *Attorneys for Plaintiff*

                                                **By** *Jed R. Schlacter*

                                                **450 Seventh Avenue – Suite 705**
                                                **New York, NY 10123**
                                                **212 695-2000**
                                                [jed@schlacterassociates.com](mailto:jed@schlacterassociates.com)

**Dated:        January 22, 2024**

# TABLE OF CONTENTS

**Page**

**TABLE OF CONTENTS** ………………………………………………………….. i

**TABLE OF CASES AND AUTHORITIES** ……………………………………… ii

**STATEMENT OF FACTS** ……………………………………………………… 1

**ARGUMENTS:**

    **POINT I:**     **Standard for Summary Judgment** ………………………….. 5

    **POINT II:**     **Summary Judgment is Warranted to Plaintiff on all Causes of Action in the Complaint** ………………………….. 6

        A.     **Breach of Contract/Goods Sold & Delivered** ……………….. 7

        B.     **Account Stated** ……………………………………………… 10

        C.     **Quantum Meruit and Unjust Enrichment** …………………. 11

**CONCLUSION** ………………………………………………………………… 13

# TABLE OF CASES AND AUTHORITIES

                                                                                    **Page**

*Acco, Ltd. v. Rich Kids Jean Corp.*, 2017 WL 4350576 (S.D.N.Y. May 3, 2017) ….    7,10,11
                                                                                              12

*Ally & Gargano, Inc. v. Comprehensive Accounting Corp.*,
       615 F. Supp. 426 (S.D.N.Y. 1985) ………………………………………………..    11

*Balderramo v. Go New York Tours, Inc.*, 2023 WL 2751039
       (S.D.N.Y. March 31, 2023) …………………………………………………….    5

*Keybanc Capital Markets, Inc. v. Extreme Steel. Inc.*,
       2024 WL 62457 (S.D.N.Y. January 5, 2024) …………………………………..    11

*Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*,
       156 F.Supp.3d 425 (S.D.N.Y. 2016) ……………………………………………    6


<u>Miscellaneous:</u>

N.Y.C.P.L.R. §5001(a) ……………………………………………………………..    11

N.Y.C.P.L.R. §5004 ………………………………………………………………..    11

N.Y. U.C.C. §2-102 ………………………………………………………………..    7

N.Y. U.C.C. §2-201(2) ……………………………………………………………    7

N.Y. U.C.C. §2-602 ………………………………………………………………..    9

N.Y. U.C.C. §2-606 ………………………………………………………………..    9

N.Y. U.C.C. §2-607 ………………………………………………………………..    9

N.Y. U.C.C. §2-709(1)(a) …………………………………………………………    11

Rue 11 of the Federal Rules of Civil Procedure ……………………………………...    13

Rule 56(a) of the Federal Rules of Civil Procedure ………………………………….    5

28 U.S.C. Section 1927 ……………………………………………………………    13

Schlacter & Associates
Attorneys for Plaintiff
450 Seventh Avenue
New York, New York 10123
(212) 695-2000
By: Jed R. Schlacter (JRS-4874)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**BHAVIKA APPARELS PVT. LTD.,**

                                                                            23 Civ. 6177 (JSR)

              **Plaintiff,**

       -against-

**LOUISE PARIS, LTD.,**

              **Defendant.**
-----------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

      This Memorandum of Law is submitted on behalf of the Plaintiff, Bhavika Apparels Pvt. Ltd., in support of the instant Motion for Summary Judgment, seeking summary judgment against the Defendant, Louise Paris, Ltd., in the sum of $208,582.20 plus interest at the rate of 9% per annum from June 1, 2022.

**STATEMENT OF FACTS**

      This Court is respectfully referred to the accompanying Declarations of the Director of the Plaintiff, Deepak Gupta, and counsel for Plaintiff, Jed R. Schlacter, for a complete recitation of the pertinent facts involved in this matter. The facts, however, are quite straightforward, simple, and incontestable.

During 2022, the Plaintiff produced, sold and delivered to Defendant, at Defendant's request, ladies apparel (the "Merchandise") at the total price of $806,090.65, as reflected in the invoices and bills of ladings annexed to these motion papers as *Exhibit 2*; see also Plaintiff's Rule 56.1 Statement at Para. 8). The Defendant received all of the Merchandise and all of the invoices, without objection. Through July 22, 2022, the Defendant had paid for all of the invoices, except for a total of $269,315.40, represented by the following invoices:

| **Invoice No.** | **Inv. Date** | **Invoice Amount** |
|---|---|---|
| ES/31/2022-23 | 4/16/22 | $42,675.60 |
| ES/33/2022-23 | 4/20/22 | $ 9,540.00 |
| ES/35/2022-23 | 4/21/22 | $20,120.40 |
| ES/49/2022-23 | 5/4/22 | $56,418.00 |
| ES/67/2022-23 | 5/27/22 | $61,042.80 |
| ES/71/2022-23 | 6/1/22 | $48,785.40 |
| ES/87/2022-23 | 6/25/22 | $30,733.20 |
|  |  | ========== |

**TOTAL OUTSTANDING AS OF JULY 22, 2022:**     **$269,315.40**

The Defendant sought more time to pay for this balance of the invoices, even though payment was already due. In return for extending the time for Defendant to pay the balance due of $269,315.40, on or about July 22, 2022, Defendant issued to Plaintiff the following four post-dated checks (*Exhibit 3* and Plaintiff's Rule 56.1 Statement at Para. 15), signed by Solomon Barnathan – the Chief Executive Officer of the Defendant - covering the still outstanding invoices:

2

| Check Date | Check No. | Amount | Inv. No. to be Paid |
|---|---|---|---|
| 8/15/22 | 50740 | 62,796.00 | ES/31/2022-23 – $42,675.60<br>ES/35/2022-23 – $20,120.40 |
| 9/1/22 | 50741 | 65,958.00 | ES/33/2022-23 – $ 9,540.00<br>ES/49/2022-23 – $56,418.00 |
| 9/15/22 | 50742 | 61,042.80 | ES/67/2022-23 – $61,042.80 |
| 9/30/22 | 50743 | 79,518.60 | ES/71/2022-23 – $48,785.40<br>ES/87/2022-23 – $30,733.20 |
| | | ==========<br>$269,315.40 | |

Although the Defendant issued payment for Invoice ES/87/2022-23 in the sum of $30,733.20 on August 29, 2022 (Declaration of Deepak Gupta Para. 18 [hereinafter referred to as the "Gupta Decl."]), leaving a then balance due of $238,582.20, the Defendant bounced all of the above checks (see *Exhibit 3* and Plaintiff's Rule 56.1 Statement at Para. 16, 17 and 18).

And from September 2022 through June 2023, the Plaintiff and Defendant exchanged numerous emails, where the Plaintiff kept asking for payment of the monies due, and the Defendant kept asking for more time to pay, with various excuses being given, such as cash being tight; business being slow; business being bad; Plaintiff was on the "priority" list; Defendant just needed more time; or that the Defendant was "transitioning" to a new bank. These emails are contained in *Exhibits 4, 5, 6 and 7* to these motion papers (see also Plaintiff's Rule 56.1 Statement at Para. 23, 24 and 27. **Of utmost significance, after reviewing said emails, this Court will note that at no time did Defendant make any complaint about the Merchandise; at no time did Defendant deny receiving the Merchandise and the invoices; at no time did the Defendant deny owing the balance of monies due; and on at least 12 separate occasions the Defendant**

3

**promised that Plaintiff would be "paid in full!"** (see also Plaintiff's Rule 56.1 Statement at Para. 23, 24, 27 and 28)

The Defendant did issue a $30,000.00 payment on account in April 2023, paying off invoices ES/33/2022-23 and ES/35/2022-23 (Gupta Decl. Para. 28). That left a balance due, still to this date, of $208,582.20, based upon the following invoices in *Exhibit 2*:

| Invoice No. | Inv. Date | Invoice Amount |
|---|---|---|
| ES/31/2022-23 | 4/16/22 | $42,675.60 |
| ES/49/2022-23 | 5/4/22 | $56,418.00 |
| ES/67/2022-23 | 5/27/22 | $61,042.80 |
| ES/71/2022-23 | 6/1/22 | $48,785.40 |
| | | ========== |
| TOTAL: | | $208,921.80 |
| Less credit of: | | (339.60) |
| **TOTAL NOW DUE:** | | **$208,582.20** |

It is respectfully submitted that based upon the accompanying Declaration of Deepak Gupta and the Exhibits annexed thereto, the Defendant has no defense to the claims of Plaintiff seeking Judgment in the sum of $208,582.20 plus interest at the statutory rate of 9% per annum since June 1, 2022 (the date of the last invoice).

# ARGUMENTS

## POINT I

## STANDARD FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure reads:

> (a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

As set forth in *Balderramo v. Go New York Tours, Inc.*, 2023 WL 2751039 *6 (S.D.N.Y. March 31, 2023):

> Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id*. The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (internal quotation marks omitted) (citing *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).
>
> In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or

surmise. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

See also, *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F.Supp.3d 425 (S.D.N.Y. 2016).

## POINT II
### SUMMARY JUDGMENT IS WARRANTED TO PLAINTIFF ON ALL CAUSES OF ACTION IN THE COMPLAINT

The Plaintiff has brought four causes of action in its Complaint (**Exhibit 1** to the motion papers) in this matter against the Defendant:

1st cause of action:   Breach of Contract/Goods Sold & Delivered

2nd cause of action:   Account Stated

3rd cause of action:   Quantum Meruit

4th cause of action:   Unjust Enrichment

The essence of this lawsuit is that the Plaintiff sold and delivered finished ladies garments (the "Merchandise") to Defendant in the first half of 2022, pursuant to Defendant's requests, as reflected in the invoices and bills of ladings provided to Defendant (***Exhibit 2*** and Plaintiff's Rule 56.1 Statement at Para. 8). The Defendant received and accepted the Merchandise, without complaint of any kind, and the Defendant also received and accepted the invoices without any objection (Plaintiff's Rule 56.1 Statement at Para. 9). And there are numerous emails from the Defendant to the Plaintiff, from October 2022 through June 2023, in which the Defendant has

explicitly, and over and over again, promised to make "full payment" of the outstanding invoices to Plaintiff (see ***Exhibits 5, 6 and 7*** and Plaintiff's Rule 56.1 Statement at Para. 23, 24, 27 and 28).

Hence, it is respectfully submitted that the Defendant has no defense whatsoever to the claims of Plaintiff, and summary judgment is duly warranted.

A.     **Breach of Contract/Goods Sold & Delivered**

Since this case involves the sale of goods between merchants, Article 2 of the New York Uniform Commercial Code governs the matter. See N.Y.U.C.C. §2-102. The essential elements of a breach of contract cause of action, under New York law, are "'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her obligations, and damages resulting from the breach.' Canzona v. Atanasio, 989 N.Y.S.2d 44, 47 (2d Dept. 2014)." *Acco, Ltd. v. Rich Kids Jean Corp.*, 2017 WL 4350576 * 5 (S.D.N.Y. May 3, 2017).

Under N.Y. U.C.C. §2-201(2), a contract is formed between merchants "if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, [and] it satisfies the requirements of [the statute of frauds for the sale of goods for the price of $500 or more] against such party unless written notice of objection to its contents is given within 10 days after it is received."

In the instant matter, of the $806,090.65 in Merchandise sold and delivered to Defendant during 2022, all has been paid except for the balance of $208,582.20. This balance is represented by the following invoices, which are part of ***Exhibit 2*** to these motion papers:

| Invoice No. | Inv. Date | Invoice Amount |
|---|---|---|
| ES/31/2022-23 | 4/16/22 | $42,675.60 |
| ES/49/2022-23 | 5/4/22 | $56,418.00 |
| ES/67/2022-23 | 5/27/22 | $61,042.80 |
| ES/71/2022-23 | 6/1/22 | $48,785.40 |
| TOTAL: | | ========== $208,921.80 |
| Less credit of: | | (339.60) |
| **TOTAL NOW DUE:** | | **$208,582.20** |

[Gupta Decl. Para. 28; *Exhibit 2*; Para. 27 of Amended Answer]

The Defendant admittedly received these invoices, and never made any objection to them. In fact, the Defendant, after already having received the Merchandise and been in default in paying for them, issued four post-dated checks to Plaintiff dated in August and September 2022 totaling the sum of $269,315.40 (which was due at that time, and which the Defendant then bounced – see *Exhibit 3* and Plaintiff's Rule 56.1 Statement at Para. 15, 17), which included the above invoices, as follows:

| Check Date | Check No. | Amount | Inv. No. to be Paid |
|---|---|---|---|
| 8/15/22 | 50740 | 62,796.00 | ES/31/2022-23 – $42,675.60<br>ES/35/2022-23 – $20,120.40 |
| 9/1/22 | 50741 | 65,958.00 | ES/33/2022-23 – $ 9,540.00<br>ES/49/2022-23 – $56,418.00 |
| 9/15/22 | 50742 | 61,042.80 | ES/67/2022-23 – $61,042.80 |
| 9/30/22 | 50743 | 79,518.60 | ES/71/2022-23 – $48,785.40<br>ES/87/2022-23 – $30,733.20 |
| | | ==========<br>$269,315.40 | |

Hence, there is no issue that a contract was formed between the Plaintiff and the Defendant, and that the Defendant acknowledged said contract by virtue of, at the very least, its receipt of the Merchandise and the invoices without objection, and its issuance of post-dated checks in purported payment of said invoices. Moreover, the numerous emails from the Defendant to the Plaintiff exhibited in ***Exhibits 5, 6 and 7***, in which the Defendant continuously promised to make "full payment" of the outstanding invoices, is further proof of the contract (and see Plaintiff's Rule 56.1 Statement at Para. 23, 24, 27 and 28). And none of those emails make any claim that the monies are not, and were not, due to the Plaintiff, or that the Plaintiff did not perform its obligations.

Thus, Plaintiff performed it obligations of delivering the Merchandise to the Defendant, which was received without objection by the Defendant.

It is noteworthy that UCC Sections 2-602, 2-606 and 2-607 read as follows:

Section 2-602(1):

> (1) Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller.

Section 2-606(1): Acceptance of goods occurs when the buyer, among other things:

> (a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity; or
>
> (b) fails to make an effective rejection (sub-section 1 of Section 2-602) but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them …

And Section 2-607 of the UCC, concerning the effect of acceptance of goods, reads, in pertinent part as follows:

> (1) The buyer must pay at the contract rate for any goods accepted.

In the instant matter, the Defendant never rejected any of the Merchandise; never made any claim of a problem with the Merchandise; issued post-dated checks in purported payment for the balance of the Merchandise; and issued emails promising full payment of the open invoices. Therefore, the Defendant owes the invoice prices for the Merchandise, totaling $208,582.20. See *Acco, Ltd. v. Rich Kids Jean Corp.*, 2017 WL 4350576 *5 (S.D.N.Y. May 3, 2017).

Furthermore, as this Court ruled in the *Acco, Ltd.* case, *supra*, the Defendant is also liable to the Plaintiff on the goods sold and delivered claim, and the account stated claim. As this Court stated:

> The essential elements of a cause of action for goods sold and delivered are "the purchase, sale and delivery of goods at an established price and nonpayment therefor." *Conocophillips v. 261 East Merrick Road Corp.*, 428 F. Supp. 2d 111, 126 (E.D.N.Y. 2006). It is clear that plaintiffs delivered goods to Rich Kids and Rich Kids did not pay for those goods. Accordingly, plaintiffs have proved this claim against Rich Kids.

Similarly, the Plaintiff herein has proven its delivery of the Merchandise to Defendant, and the Defendant's failure to pay for the Merchandise. (**Exhibits 2 through 7**)

**B.     Account Stated**

Regarding the claim for an account stated, this Court also stated in the *Acco, Ltd.* case:

> To recover on an account stated claim under New York law, a plaintiff must prove "an agreement between the parties to an account based upon prior transactions between them," which agreement may be implied if either "a party receiving a statement of account keeps it without objecting to it within a reasonable time or if the debtor makes partial payment." *LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham*, 185 F.3d 61, 64 (2d Cir. 1999). Here, plaintiffs provided Rich Kids with invoices, and Rich Kids made partial payment on the first two invoices, PX 51, acknowledged the correctness of the last two invoices by signing the partial payment agreement, PX 2, and failed to object within a reasonable time to the remaining invoices. Thus, plaintiffs have proved this claim as well.

In addition, a plaintiff may also recover on an account stated claim where a debtor promises to pay a stated sum of money which the parties have agreed upon as the amount due. *Ally & Gargano, Inc. v. Comprehensive Accounting Corp.*, 615 F. Supp. 426, 428-429 (S.D.N.Y. 1985).

In the instant case, as detailed above and in the accompanying Declaration of Plaintiff's Director, Deepak Gupta, the Defendant had received over $800,000 in Merchandise and invoices from Plaintiff and it had paid almost $600,000, leaving a balance due of $208,582.20. Defendant never objected to the invoices, and in fact issued post-dated checks (**Exhibit 3**) expressly covering several invoices, including the still outstanding invoices (**Exhibit 2**). And in numerous emails from Defendant to Plaintiff, Defendant continuously promised to pay the outstanding invoices in full. (**Exhibits 5, 6 and 7**) Thus, there can not be a clearer case of an account stated, for which summary judgment should be awarded to Plaintiff.

The damages to which the Plaintiff is entitled on the breach of contract/goods sold & delivered claim, and the account stated claim, is the full amount of the outstanding invoices – to wit, $208,582.20, plus interest from June 1, 2022 at the statutory rate of 9% per annum (the date of the last open invoice) [ N.Y.C.P.L.R. §§5001(a), 5004]. See *Acco, Ltd., supra*, at *6. See also N.Y. U.C.C. §2-709(1)(a).

**C.** *__Quantum Meruit__ **and Unjust Enrichment**__

As this Court stated in *Keybanc Capital Markets, Inc. v. Extreme Steel. Inc.*, 2024 WL 62457 *4 (S.D.N.Y. January 5, 2024):

> To state a claim for *quantum meruit* a plaintiff must allege "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Shaoxing Daqin Imp. & Exp. Co. v. Notations, Inc.*, 2019 WL 6498397, at *4 (S.D.N.Y. Dec. 3, 2019) (quotation omitted). To state a claim for unjust enrichment, a plaintiff must allege "1) that the defendant

11

benefitted; 2) at the plaintiff's expense; and 3) that 'equity and good conscience' require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000).

In the instant matter, it is not disputed that the Plaintiff provided goods – the Merchandise – to the Defendant; the Defendant accepted the Merchandise; the Plaintiff invoiced for the Merchandise, and clearly expected to be compensated for them; and the Defendant never disputed the invoices, going as far as promising on countless occasions to pay them "in full." In addition, the Defendant issued post-dated checks which covered the still outstanding invoices, thereby confirming the value of the Merchandise. The Plaintiff has therefore clearly set forth a valid claim for *quantum meruit*.

Further, it is also undisputed that by receiving the Merchandise from Plaintiff, and retaining it without paying for it, the Defendant has been unjustly enriched, and under the circumstances of this case, equity and good conscience requires that the Defendant pay to Plaintiff the amount of the unpaid invoices totaling $208,582.20.

And while ordinarily, if a valid contract exists between the parties, the equitable claims for *quantum merit* and unjust enrichment may be dismissed (see *Keybanc Capital Markets, supra* at *5), in the case at bar, the Defendant's Amended Answer (in **Exhibit 1** to these motion papers) frivolously sought to sidestep any such admissions, alleging in response to virtually all of Plaintiff's allegations in the Complaint that the Defendant "denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in …."

Consequently, it is respectfully submitted that the Plaintiff is entitled to summary judgment against the Defendant on each of the four causes of action in the Complaint (although only entitled to one total recovery [*Acco, Ltd. supra* at *6]).

**CONCLUSION**

For all of the foregoing reasons, and based upon the accompanying Declarations of Deepak Gupta, Jed R. Schlacter, and the Exhibits attached thereto, it is respectfully requested that Plaintiff's Motion for Summary Judgment be granted against the Defendant, and that this Court award Judgment in the sum of $208,582.20 plus interest at the rate of 9% from June 1, 2022, along with the costs and disbursements of this action. In addition, in the event this Court deems it warranted, it is also requested that this Court consider an additional award to Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure, as well as pursuant to 28 U.S.C. Section 1927, on the grounds that the actions of the Defendant herein, in forcing Plaintiff to commence this lawsuit; in filing an Amended Answer without any *bona fide* defense; in prolonging this litigation; and in forcing Plaintiff to expend resources and monies on this motion and in discovery in this matter, warrants a ruling pursuant to Rule 11 and Section 1927 (see accompanying Declaration of Jed R. Schlacter and exhibits referenced therein).

Dated: New York, New York
January 22, 2024

Respectfully submitted,
**SCHLACTER & ASSOCIATES**
*Attorneys for Plaintiff*

By: ___*Jed R. Schlacter*___
JED R. SCHLACTER
450 Seventh Avenue, Suite 705
New York, NY 10123
212 695-2000
jed@schlacterassociates.com